NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD R. MCNULTY,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7104

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-4168, Judge Mary J. Schoelen.

---

Decided: October 25, 2011

---

RICHARD R. MCNULTY, of Richland, Virginia, pro se.

DOUGLAS T. HOFFMAN, Trial Attorney, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J.

TIMINSKI, Deputy Assistant General Counsel, and THOMAS HERNANDEZ, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, MOORE, *Circuit Judge*, and AIKEN, *District Judge*.[1]

PER CURIAM.

Richard R. McNulty appeals from the decision of the United States Court of Appeals for Veterans Claims (Veterans Court), affirming a decision by the Board of Veterans' Appeals (Board) declining to increase or extend his disability rating for thyroid carcinomas, follicular adenoma, and chronic lymphocytic thyroiditis (CLT) with weight gain and metabolic abnormality. *McNulty v. Shinseki*, No. 08-4168, 2011 WL 256763 (Ct. Vet. App. Jan. 27, 2011). We conclude that we lack jurisdiction over Mr. McNulty's appeal because it is based on challenges to factual determinations and to the application of the law to the facts of his case. The appeal is *dismissed*.

BACKGROUND

Mr. McNulty claimed service connection for "excessive weight gain and metabolic abnormality" in 1991. A right thyroid lobectomy showed he had follicular and papillary carcinomas and advanced lymphocytic thyroiditis, and he claimed service connection for those conditions on December 10, 1992. Mr. McNulty was put on the drug Synthroid. On January 28, 1993, a mediastinoscopy showed no metastases. The Regional Office (RO) granted Mr. McNulty entitlement to service connection for thyroid

---

[1] The Honorable Ann Aiken, Chief Judge, United States District Court for the District of Oregon, sitting by designation.

carcinoma and CLT with weight gain and metabolic abnormality, and assigned a staged disability rating of 100% effective as of December 10, 1992 and 10% beginning November 1, 1993. In 2008, after extensive proceedings before the RO and the Board, a Veterans Affairs (VA) doctor reviewed Mr. McNulty's file and found that the 1993 mediastinoscopy showed "no evidence of metastatic thyroid cancer" and that his Synthroid use did not show recurrence of his cancer.

Mr. McNulty appealed, and the Board found that he was entitled to a 100% rating for his carcinomas until January 28, 1994, one year after the mediastinoscopy, and to a separate 10% rating for follicular adenoma and CLT with weight gain and metabolic abnormality until January 28, 1994. The Board also found that after this date, Mr. McNulty was entitled to a 10% rating for CLT with weight gain and metabolic abnormality, follicular adenoma, and residuals of papillary and follicular carcinomas. The Veterans Court affirmed. Mr. McNulty now appeals the rating decision to our court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010). We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We lack jurisdiction, however, over any "challenge to a factual determination" or "challenge to a law or regulation as applied to the facts of a particular case" unless the challenge presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

Mr. McNulty's appeal raises only factual disputes and arguments regarding the application of the law to the facts of his case. Mr. McNulty argues that he received

neither notice nor a medical evaluation before cessation of his 100% disability rating, which he asserts are required under 38 C.F.R. § 4.119 DC 7914 (1996).[2] The Veterans Court expressly held, however, that the Board complied with DC 7914 because the VA doctor's review of Mr. McNulty's file in 2008 met the medical examination requirement, a factual finding which we cannot review. Mr. McNulty also challenges the determination that his thyroid cancer was in remission, arguing that his continued use of Synthroid is a therapeutic procedure that justifies a continued 100% rating. Once again, Mr. McNulty disputes only the factual issue of whether the medical evidence supports the Board's findings that he had not suffered a recurrence of his cancer or metastases after his January 1993 mediastinoscopy, and that Synthroid use does not qualify as a therapeutic procedure. We have no jurisdiction to review these fact findings. Mr. McNulty also argues that the Board failed to consider his testimony regarding his treatment.[3] The Veterans Court concluded that the Board considered Mr. McNulty's testimony, but found that it was outweighed by other medical evidence, another fact finding we cannot review.

Because Mr. McNulty's arguments are based solely on factual disputes or alleged errors in the Veterans Court's application of the law to the facts, they fall outside our jurisdiction. 38 U.S.C. § 7292(d)(2). We have considered Mr. McNulty's other arguments on appeal and find that

---

[2]    We do not address whether the version of DC 7914 amended in 1996 applies retroactively, but note that even under this heightened standard the Veterans Court found as a factual matter that the VA complied with the regulation.

[3]    While Mr. McNulty mentions due process, he does not actually raise a constitutional challenge, but rather disputes how the Board weighed the medical evidence.

they are similarly fact-based disagreements over which we have no jurisdiction.

## DISMISSED

### COSTS

No costs.